Joseph MAZZEI, on behalf of himself and all others similarly situated, Plaintiff,

v.

The MONEY STORE and TMS Mortgage, Inc., Defendants.

Lori Jo Vincent, Ruth Ann Gutierrez, Linda U. Garrido, and John Garrido on behalf of themselves and all others similarly situated, Plaintiffs,

v.

The Money Store, TMS Mortgage, Inc., Homeq Servicing Corp., and Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Defendants.

Nos. 01 Civ. 5694(JES), 03 Civ. 2876(JES).

United States District Court, S.D. New York.

April 12, 2007.

The Law Offices of Paul Grobman (Paul S. Grobman, of counsel), New York City, for Plaintiffs.

Pollack & Kaminsky (Martin I. Kaminsky, W. Hans Kobelt, of counsel), New York City, for Defendants The Money Store, TMS Mortgage, Inc. and HomEq Servicing Corp.

Balber, Pickartd, Battistoni Maldonado & Van Der Tuin, PC (Thomas Battistoni, of counsel), New York City, for Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP.

Goldberg Kohn Bell Black Rosenbloom & Moritz, Ltd. (David Chizewer, of counsel), Chicago, IL, for Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiffs bring the above-captioned actions against defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Truth–in–Lending Act ("TILA") and asserting various state law claims. At issue before the Court are plaintiffs' Motions for Recusal under 28 U.S.C. §§ 144, 455(a), and 455(b). For the reasons set forth below, the Court denies these motions.

## DISCUSSION

Under both 28 U.S.C. §§ 144 and 455(b)(1), a judge shall recuse himself from a pending matter where a party sufficiently demonstrates that the judge has an actual "personal bias or prejudice" against a party. The source of the bias or prejudice must normally be based on extrajudicial conduct. *See Apple v. Jewish Hosp. and Med. Center*, 829 F.2d 326, 333 (2d Cir.1987). Judicial remarks made during the course of a proceeding *may* support a bias or partiality challenge "if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. U.S.*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (emphasis in original).

This same extrajudicial source doctrine applies to plaintiffs' claim under 28 U.S.C. § 455(a). *See id.* at 553–54, 114 S.Ct. 1147. This section requires disqualification where the Court's "impartiality might reasonably be questioned." *See* 28 U.S.C. § 455(a). The Second Circuit fleshed out this requirement, noting that a Court must recuse itself where "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." *See U.S. v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992).

Plaintiffs assert five grounds which they claim demonstrate sufficient bias to require recusal under 28 U.S.C. §§ 144 and 455(b). In the absence of actual bias or prejudice, plaintiffs claim that the Court has demonstrated an appearance of bias sufficient to trigger recusal under 28 U.S.C. § 455(a). The Court will address these arguments in turn.

■ First, plaintiffs allege that the Court displayed inappropriate hostility and antagonism toward plaintiffs' claims. As an example of this alleged antagonism, plaintiffs propose a dialogue about the potentially minuscule recovery for plaintiffs in which the Court suggested that, ultimately, the greatest recovery in this particular case would be for the attorneys. *See* Aff. of Joseph Mazzei Pursuant to 28 U.S.C. §§ 144 and 455, Ex. C, Transcript, dated February 8, 2007, ("Tr.") 25. Even if the Court's statements here could be construed as hostile or antagonistic, they were not inappropriate. As the Court's comments derived only from the Court's evaluation of this case and fail to exhibit the "high degree of favoritism or antagonism" suggested in *Liteky*, they are not grounds for recusal.

■ Second, plaintiffs argue that the Court has inappropriately prejudged the merits of their forthcoming motion for class certification. However, they fail to provide any factual support for this claim, instead merely citing to a dialogue between counsel and the Court which concludes with the Court suggesting that plaintiffs will have to persuade the Court that the proposed class representatives can adequately represent the class.[1] *See* Tr. 43. As the plaintiffs will, in fact, have to persuade the Court of this fact, among others, to merit class certification, the Court's statement was not only reasonable,

but a reflection of the applicable law. *See* Fed.R.Civ.P. 23(a).

■ Third, plaintiffs note that the Court did not allow them sufficient time at oral argument to present their motions and cross-motions for summary judgment. The Federal Rules do not guarantee the right to oral argument. This Court exercised its discretion, based on its analysis of the briefs submitted that further argument was unnecessary at that time.[2]

■ Fourth, plaintiffs argue that the Court's indication that it will take the appropriate procedural steps to dispose of the litigation runs contrary to its obligation to act impartially. The Court did note during oral argument that, "in the interests of judicial efficiency," it would resolve the class certification issue before finally resolving a summary judgment motion because "that is more likely to dispose of the entire litigation." Tr. 44–45. It is within the Court's discretion and is incumbent upon the Court to manage its cases in the most efficient manner. *See* Fed. R.Civ.P. 1. The argument that the Court's decision to handle one motion before another or any commentary to that end indicates bias is untenable.

■ Finally, plaintiffs propose some impropriety in the Court's inquiring about their litigation strategy.[3] Whether or not the information the Court alluded to in this

---

1. In the dialogue that plaintiffs reference, the Court informs plaintiffs that it is not likely to certify a class representative who had filed for bankruptcy six times. Tr. 41. Given the individualized defenses that could be raised against such a representative, the Court's comments were fully consistent with applicable law.

2. In addition, the transcript of the referenced oral argument reflects that the Court did not only exercise this discretion to limit plaintiffs' argument, but also to limit defendants' argument. *See* Tr. 26 (stopping defendants' coun-

sel, saying "that is out of summary judgment and into the facts"); Tr. 39 (cutting off defendants' argument, saying "I have heard enough").

3. The Court asked plaintiffs if they planned to pursue the case if their representative was not certified. Tr. 44. Plaintiffs' counsel responded, "Excuse me?," and the Court immediately moved on to discuss its determination as to the most efficient way to manage the case (regardless of the answer to the above question, which was, in fact, never provided).

question is protected by the work-product privilege, the Court did not press counsel to provide an answer, and no privileged information was ever revealed. This link-between a casual question that elicited no response and the antagonism required to demand recusal-is tenuous at best. Clearly, a Court's unpursued question that could have evoked (though it did not) a privileged response is no basis for recusal.

 Plaintiffs' allegations suggest neither that the Court's comments reveal any opinions derived from extrajudicial sources nor that they "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *See Liteky*, 510 U.S. at 555, 114 S.Ct. 1147. Furthermore, no objective disinterested observer knowledgeable of the case record would doubt that justice will be done under the purview of this Court. Thus, plaintiffs have failed to demonstrate any facts triggering recusal under 28 U.S.C. §§ 144, 455(a), or 455(b). In addition to noting plaintiffs' absolute failure to demonstrate any grounds upon which this Court is required to recuse itself, the Court recognizes its "affirmative duty ... not to disqualify [it-]self unnecessarily." *See Nat'l Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir.1978). This Court has spent at least four years with these cases and will not allow plaintiffs' baseless claims to result in needlessly burdening another judge with gaining the familiarity with the above-captioned actions that this Court has already acquired.

## CONCLUSION

Based on the foregoing, the Court hereby denies plaintiffs' Motions for Recusal on all grounds.

It is **SO ORDERED.**